UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT LEE WRIGHT, III,

    Plaintiff,

v.                                                     Case No. 4:25cv40-MW-HTC

JUDGE USDC NDFL WS,
JUDGE USDC NDFL MJF,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert Lee Wright, III, a prisoner proceeding *pro se*,[1] has filed a nonsensical complaint under *Bivens*[2] and 42 U.S.C. § 1983 against U.S. Senior District Judge William Stafford and U.S. Magistrate Judge Michael Frank, identified in the complaint as W.S. and M.F., respectively. Doc. 1. Upon review, the undersigned recommends this case be DISMISSED WITH PREJUDICE on several grounds, including (1) Wright has been enjoined by this Court from filing cases such as this one until he pays a court-ordered sanction; (2) Wright is a 3-striker who failed to pay the filing fee; and (3) Wright's claims are frivolous and barred by judicial immunity.

---

[1] Although Wright identifies an attorney in the attorney section of the complaint, no attorney signed or filed the complaint.
[2] Although Wright only marks 42 U.S.C. § 1983 on the complaint form, he alleges Defendants violated *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

I. **Background**

Wright is a "serial litigant" who has filed more than 23 cases in the last year. *See Wright v. W.S. & M.F.*, No. 4:25-cv-18-WS-MAF, Doc. 4 at 1 (N.D. Fla. Jan. 15, 2025). This case, like many of Wright's other cases, is simply nonsensical. From what the Court can discern, Wright is suing Judge Stafford and Judge Frank because he is unhappy with the dismissal of a case he filed in 2024 for failure to state a claim. Wright claims that the Judges "abuse[d] [their] discretion." Additionally, he takes issue with the assessment of the filing fee against his inmate trust account. Doc. 1 at 4-5.

Based on these allegations, Wright states Defendants violated:

> paroli/lawsuit constitution be it enacted 28 USC 1346(a)(I); 26 USC 7433(9). Federal Rule Civil Procedure 14. Third Party Participants. Arbitration year of god 2024-2025 Case Wright v. Fitzpatrick, No. 4:24-cv-132-WS/MJF. Title VII. Judgment Fed. R. Civ. P. 54(a)(b)(c) Florida Stat. Procedure 772.10-772.19 rico act state/local officials § 1983 claim. Constitution 26 U.S.C. 7433(i) Florida stat. procedure 772.10-772.19 rico act state/local officials § 1983.

Doc. 1 at 3.

II. **Discussion**

 **A. Wright is Barred from Filing this Lawsuit**

Because Wright is a vexatious litigant, he was sanctioned by this Court for $400 under Rule 11 and the All Writs Act. *Wright v. Brown*, No. 4:24-cv-314-WS-

MAF (N.D. Fla. August 27, 2024), *report and recommendation adopted*, (N.D. Fla. October 8, 2024). The Court also barred Wright from filing a suit, such as this one, until he fully paid the sanction.[3] Wright has not paid the sanction. Thus, the instant lawsuit should be dismissed. *See also Wright v. W.S. & M.F.*, No. 4:25-cv-18-WS-MAF, Doc. 4 (N.D. Fla. Jan. 15, 2025) (pending recommendation of dismissal because Wright has not paid the sanction).

### B. Wright is a Three-Striker.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants

---

[3] According to the injunction, "*PLAINTIFF IS PROHIBITED FROM FILING ANY FUTURE FEDERAL CASES RELATING TO IRS 'VOUCHERS' OR IRS TAX RETURNS UNLESS IT IS A NEW OR NOVEL CLAIM RELATIVE TO ACTIVITIES THAT HAVE NOT BEEN SUBJECT OF A PREVIOUSLY FILED ACTION AND IT IS FILED THROUGH AN ATTORNEY LICENSED TO PRACTICE IN THIS JURISDICTION. PLAINTIFF SHALL PAY THE CLERK OF COURT $400 AS A SANCTION PRIOR TO BEING ALLOWED TO FILE ANY FURTHER ACTION. Wright*, No. 4:24-cv-314-WS-MAF, Doc. 5. In this case, part of Wright's nonsensical allegations is that "plaintiff was persuaded to underwrite for the IRS in the yr. of god 2024 to the defendant W.S. along with M.A.F. that started the plaintiff to pay federal prison litigant per W.S./M.J.F see case # 4:24cv132WS-MJF." Doc. 1 at 5. Thus, the injunction applies.

Case No. 4:25cv40-MW-HTC

dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As one judge in this district recently noted, "Plaintiff is well known to this Court as a three-striker." *Wright v. W.S. & M.F.*, No. 4:25-cv-18-WS-MAF, Doc. 4 (N.D. Fla. Jan. 15, 2025). Indeed, the Court takes judicial notice that Wright has filed at least the following three cases, which were dismissed as frivolous, malicious, or for failure to state a claim: *Wright v. Fitzpatrick*, 4:24-cv-00132-WS-MJF (dismissed on 4/30/24 for failure to state a claim); *Wright v. Lyublanovits & Ford* 4:24-cv-351-TKW-MAF (dismissed on 10/7/24 pursuant to 28 U.S.C § 1915(g), as frivolous, malicious, and for failure to state a claim); and *Wright v. Clerk of Courts*, 4:24-cv-381-WS-MAF (dismissed on 11/1/24 pursuant to 28 U.S.C § 1915(g), as frivolous, and for failure to state a claim). Wright is, thus, a 3-striker.

The only exception to § 1915(g)'s three-striker bar is if the prisoner alleges facts showing he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Wright's allegations do not meet this standard. Reading Wright's

allegations liberally, Wright claims he had a nervous breakdown, was not treated for some unidentified extreme cruelty, had "damages to his body," and was "depressed from a lawsuit." Even accepting these allegations as true or having anything to do with Defendants' conduct, past harm cannot establish *imminent* danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute").

Because Wright is a three-striker who neither paid the filing fee nor sufficiently alleged imminent danger, and thus his action should be dismissed under § 1915(g). *See Dupree*, 284 F.3d at 1236.

### C. Frivolity and Immunity

Because Wright is a prisoner seeking relief from government employees, the Court must, "before docketing if feasible or, in any event, as soon as practicable after docketing" screen the complaint and dismiss the complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)

The PLRA's screening requirement, "sometimes referred to as a frivolity review," vests district courts "with broad discretion in determining whether to

dismiss an action as frivolous or malicious … ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)). A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). It includes one that "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Here, Wright's claims are categorically frivolous because they lack an arguable basis in law or fact. His delusional allegations range from being "persuaded to underwrite for the IRS" to claiming "defendants signed an agreement to arbitrate his case invisible style." His complaint constitutes a rambling of irrational and disjointed phrases devoid of any discernible claim. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (explaining that "clearly baseless" allegations include "allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of … irrational or … wholly incredible"). Because Wright's complaint is frivolous, leave to amend would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Case No. 4:25cv40-MW-HTC

Regardless, Wright's claims are barred by judicial immunity. Judges are "entitled to absolute judicial immunity from damages for actions taken while acting in [their] judicial capacity, unless [they] acted in the clear absence of all jurisdiction." *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) (internal citations and quotations omitted); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Judicial immunity applies even if a judge's actions are erroneous, malicious, or exceed the judge's jurisdiction. *See id.*; *see also Medrano v. Sunny Isles Beach Police Dep't*, 2007 WL 9703577, at *2 (S.D. Fla. Jan. 16, 2007) ("Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)). Wright's claims against the judges relate to their prior adjudication of certain cases, and nothing remotely shows either judge acted in the clear absence of all jurisdiction.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITH PREJUDICE because Wright has has been enjoined from filing cases such as this one until he pays a court-ordered sanction, Wright is a three striker under 28. U.S.C. § 1915(g), and because Wright's claims are frivolous and barred by judicial immunity.

2. That the clerk close the file.

At Pensacola, Florida, this 4th day of February, 2025.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 4:25cv40-MW-HTC